UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH HEALY,<br>　　　　Plaintiff,<br><br>　　　　　v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security<br>Administration,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)　　**CIVIL ACTION**<br>)　　**NO. 16-10857-TSH**<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF DECISION AND ORDER ON**
**PLAINTIFF'S MOTION FOR ORDER REVERSING THE COMMISSIONER'S**
**DECISION (Docket No. 19) AND DEFENDANT'S MOTION TO REMAND**
**THE CAUSE TO DEFENDANT (Docket No. 22)**
**July 19, 2017**

**HILLMAN, D.J.**

　　Plaintiff Joseph Healy appeals a partially favorable decision by the Social Security Administration ("SSA") awarding him disability insurance benefits effective January 31, 2013. His appeal seeks further review of the onset date, which Plaintiff asserts should have been found to have been June 15, 2010. Plaintiff contends the administrative law judge's ("ALJ") determination that he retained the residual functional capacity ("RFC") to do sedentary work before January 31, 2013 was erroneous. After answering the complaint, defendant filed the current motion before the court to reverse the decision and remand the case for further review. Although plaintiff sought reversal of the January 31, 2013 disability onset date, he objects to defendant's motion for remand to the extent it seeks to have the entire decision reviewed, rather than just the onset date determination. For the reasons set forth below, I recommend that the

1

matter be remanded for further consideration of only the disputed time period from June 15, 2010 to January 31, 2013.

*Discussion*

The parties agree that the matter should be remanded, but disagree on the scope of review on remand. Defendant has moved for a remand under sentence four of 42 U.S.C. § 405(g), which provides:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id.* (2003). Defendant concedes that the ALJ failed to adequately evaluate Plaintiff's residual functional capacity ("RFC") prior to January 31, 2013, but argues that the remand should allow the ALJ to reconsider the entire case, including the portion of the decision favorable to the Plaintiff. Plaintiff has moved to reverse only the portion of the ALJ's October 31, 2014 decision that failed to find him disabled prior to January 31, 2013. The sole issue before the Court is what the scope of review on remand should be.

Federal courts have the power to limit the scope of review on remand by specifying actions to be taken by the ALJ. *See Sullivan v. Hudson*, 490 U.S. 877, 885, 109 S.Ct. 2248, 104 (1989); *see Steele v. Astrue*, 2011 WL 4635136, at *1 (D.Me. Oct. 5, 2011), *report and recommendation adopted*, 2011 WL 5069403 (D.Me. Oct. 25, 2011) (noting the power of the district courts to limit the scope of remand to the SSA).

Several federal courts have considered the question of whether the scope of remand should permit an ALJ to review a finding of disability on the issue presented here, for a particular time period where the claimant was only seeking review of the time period where the ALJ found no disability. Those courts that have reviewed this issue have found that where the

Commissioner has not presented a particular reason as to why the ALJ's finding of disability for one time period should be disturbed in light of the re-evaluation regarding another time period and the court can discern no such issue, there is no reason for the ALJ to re-visit the favorable portion of the prior determination on remand. *See Scalf v. Astrue*, 2012 EL 2873999 (D.S.C. July 12, 20120, citing *Lynch v. Astrue,* No. 3:08–cv–547, 2009 WL 674381, at *2 (D.S.C. March 13, 2009); *Ocasio v. Astrue,* No. 08–cv–2016, 2009 WL 2905448, at *5 (S.D.N.Y. Sept.4, 2009); *Jameson v. Astrue,* No. 09–cv–237, 2010 WL 1568474, at *1–2 (D.N.H. March 15, 2010); but *see Lyons v. Astrue,* No. 3:11–cv–495 2012 WL 2505184, at *2 (E.D.Va. June 4, 2012) (holding that the scope of review on remand included review of the entire time period adjudicated by the ALJ).

In *Jameson* and *Scalf,* the courts noted that a remand order limiting review to the unfavorable time period was consistent with the scheme set forth in the Social Security Act whereby the Commissioner cannot get a disability determination reversed and only claimants are allowed to seek review of benefits decisions. This is also consistent with the *Sullivan* rule that allows the district court to limit the scope of the remand to the SSA. This Court agrees with the reasoning in *Jameson* and *Scalf* and finds the case to be in a similar procedural position.

*Conclusion*

For the reasons set forth above, I order that this matter be remanded for further consideration of Plaintiff's RFC during the period from his alleged onset date of June 15, 2010, through the determined onset date of January 31, 2013. The ALJ will re-evaluate the opinion evidence of record, reassess the claimant's RFC, and obtain supplemental evidence as needed to explain the basis for increasing the claimant's RFC.

Accordingly, Defendant's motion to remand (Docket No. 22) is ***granted*** in part and ***denied*** in part, and that Plaintiff's motion to reverse (Document No. 19) is ***granted***. The case is remanded for a new hearing and further proceedings consistent with this opinion.

SO ORDERED.

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**UNITED STATES DISTRICT JUDGE**